# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PANNONIA FARMS, INC., )
)
    Plaintiff, )
)
    v. ) Civil Case No. 01-1697 (RJL)
)
RE/MAX INTERNATIONAL, INC., )
*et al.*, )
)
    Defendants. )

**FILED**

AUG 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION
(August 15, 2005) [# 37, # 40]

Before the Court are defendants' motions for attorney's fees and costs. Defendant Jon Lellenberg seeks fees and costs pursuant to 17 U.S.C. § 505. Both Lellenberg and defendant RE/MAX International, Inc. ("RE/MAX") seek sanctions against Pannonia Farms and its attorney, Bernard Dietz, for violating 28 U.S.C. § 1927 by continuing to pursue this suit after a New York federal court ruled that the plaintiff did not have standing to bring suit for violations of intellectual property rights. For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Lellenberg's motion and DENIES RE/MAX's motion.

## ANALYSIS

### I. Lellenberg's Request For Attorney's Fees

The Federal Rules of Civil Procedure state that "unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Lellenberg met the filing requirement of this rule because he filed his motion for fees on April 4, 2005, which was 14 days after judgment was entered in his favor. For the reasons set forth in the Court's March 21, 2005, Memorandum Opinion, the Court hereby awards attorney's fees to Lellenberg for his preparation and litigation of the Supplemental Motion to Dismiss Based on Collateral Estoppel.

### II. Lellenberg's Request For Costs

As the prevailing party in this action, Lellenberg is entitled to seek costs under 17 U.S.C. § 505, which provides "that the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." However, absent an award of attorney's fees in the judgment, a party must file a bill of costs within 20 days after entry of judgment terminating the case. LCvR 54.1. On March 21, 2005, the Court entered judgment in favor of Lellenberg, but did not award attorney's fees at the time. *Pannonia Farms, Inc. v. RE/MAX Int'l, Inc.*, No. 01-1697, 2005 WL 670193, *4 (D.D.C. March 21, 2005). Lellenberg subsequently requested attorney's fees on April 4, 2005. That motion, however, did not address costs, and Lellenberg failed to file a bill of costs within the 20-day window allowed by the local rules. To date, no request for an

extension has been either requested or granted. Accordingly, Lellenberg's request for costs is too late and he is not entitled to recover costs.

**III.   Request For Sanctions Under § 1927**

Section 1927 permits the Court to sanction counsel for excess costs derived from the vexatious multiplication of proceedings:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. To recover costs under § 1927, this Circuit requires that the conduct be either reckless or in bad faith. *LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 906 (D.C. Cir. 1998). This Court already found that it was "objectively unreasonable for Pannonia Farms to continue to pursue any of the intellectual property claims after the New York federal court found that it did not have ownership interests." *Pannonia*, 2005 WL 670193, at *3. Accordingly, the issue before this Court is whether Pannonia Farms' refusal to voluntarily dismiss its suit after the New York decision amounted to vexatious and reckless conduct. It does not.

While it was unreasonable for Mr. Dietz to assume that this Court would not collaterally estop his claim, he did seek to stay this action until the Second Circuit ruled on his appeal. Mr. Dietz's refusal to voluntarily dismiss his suit thus does not amount to vexatious or reckless behavior sanctionable under § 1927. *See, e.g., LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 905 (D.C. Cir 1998)

3

(holding that the imposition of sanctions was warranted because the plaintiff's attempt to evade the jurisdiction of a D.C. district court by requesting an order from a New York state court amounted to unreasonable and vexatious behavior); *Reliance Ins. Co. v. Sweeney Corp.* 792 F.2d 1137, 1139 (D.C. Cir. 1986) (holding that sanctions were warranted because defendant's appeal was brought only to harass and delay, evidenced by defendant's failure to explain, in writing or at oral argument, any facts that supported its case); *Healey v. Labgold*, 231 F. Supp. 2d 64, 67 (D.D.C. 2002) (holding that the plaintiff violated § 1927 by filing a complaint that contained counts that another district court had already determined the plaintiff had no standing to bring). Accordingly, the Court finds that Mr. Dietz's conduct is not sanctionable under § 1927 and denies defendants' request for costs, fees, and expenses pursuant to § 1927.

## CONCLUSION

For the foregoing reasons, the Court grants Lellenberg's motion for attorney's fees, denies Lellenberg's motion for costs, and denies defendants' motion to sanction Mr. Dietz under § 1927. An order consistent with this ruling accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge